**OTTO v. ROBERTSON, Commissioner of Patents.**

**No. 5801.**

Court of Appeals of the District of Columbia.
Argued June 8, 1933.
Decided June 26, 1933.

GRONER, Associate Justice, dissenting.

Roberts B. Larson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

**VAN ORSDEL, Associate Justice.**

This case comes here from a decree of the Supreme Court of the District of Columbia dismissing a bill in equity brought by the appellant to require the Commissioner of Patents to issue him a patent applied for and denied by the tribunals of the Patent Office.

The invention involves a repeater compass, or follow-up compass, of what is known as the gyrocompass system, in which there is a series of numbering wheels, the movements of which are controlled from the main or master compass. It is so arranged that one number from each wheel is automatically selected, and all of the selected numbers accurately indicate the reading of the main or master compass; the number displayed representing the degree of the angle between the line of travel and the zero point on the master compass.

The invention is set forth in a number of claims, of which the following are illustrative:

1. "A gyrocompass-controlled course indicator for indicating in numerals the degree of the angle of the line of travel with any given direction, comprising the combination with a gyrocompass-controlled follow-up motor of a counter driven by said motor and including a plurality of interconnected numbering elements each provided with a set of numerals and movable to select for exhibition a single numeral from each set, the selected numerals constituting a figure representing the angle of the line of travel with a given direction."

4. "A gyrocompass-controlled course in-

dicator for indicating in numerals the degree of the angle of the line of travel with any given direction, comprising in combination a gyrocompass-controlled follow-up motor, a handle, a counter including a plurality of interconnected numbering wheels arranged in juxtaposition, each provided with a set of numerals and movable to select for exhibition a single numeral from each set, and means to selectively clutch said counter to said follow-up motor or to said handle."

The object of the present invention is to provide a simple indicator which will conveniently and clearly show in degrees, minutes, and seconds, the angle of the keel line of the ship with a certain predetermined direction. In order to establish the predetermined direction, the numeral wheels may be unclutched from the follow-up motor, so that they may be set in any direction by a manual process. Assuming that the proposed course of a ship is due west, the ship is set on its course. The follow-up motor is then unclutched long enough to set the numerals at zero. It is then connected up, and the numeral reading will give in exact degrees, minutes, seconds, and tenths of seconds, the angle of deviation from the due west course. It follows that, to keep the ship on its west course without deviation, the helmsman must keep the numerals reading zero.

In other words, assuming that the needle on the master compass records a deviation of 13 degrees 7 minutes, and 37.3 seconds, these figures will be instantly displayed on the dial of the repeater compass. From this illustration, it is obvious that appellant's invention has many distinct advantages over the prior art.

For centuries the compass card has been considered an essential part of the compass. About a quarter of a century ago, repeater compasses were invented. Until the appearance of the present device, no other means had been devised for reproducing the location of the vessel as shown on the master compass card by a repeater compass, except by the use of a card similar to that used on the master compass. In other words, the movement of the needle on the master compass, indicating on the card the location of the vessel, had been, until the discovery of this invention, indicated by the mechanism used on a similar card located in the repeater device. The mechanism of the repeater compass was connected to the main compass by means of a cable, and, through electrical operation of the mechanism, the reading on the master compass card could be conveyed instantly to the repeater compass card at any point or portion of the vessel, or at the same time to any number of points on the vessel where repeater devices were installed.

The limit of advancement in the prior art consists of an arrangement whereby the indications or readings of a master compass can be duplicated, as above described, on one or more repeater compasses positioned at different points on a ship. The movements of the compass card on the master compass starts an electrical energy which controls a reversible step-by-step follow-up motor which turns the compass card on the repeater compass. This arrangement is disclosed in a patent to Anschutz-Kaempfe No. 1092816, and also in a patent to Holmes, No. 1704250.

These patents have been cited by the Patent Office as an anticipation of the present invention, since the connection and mechanism for operating the repeater compass by the movement of the master compass is substantially the same as that used to operate appellant's device. Strictly speaking, however, appellant's device is not a compass. It is a recording device connected to the main or master compass by electric means that reproduces the relative positions of the compass card of the master compass, thus indicating accurately the sailing direction of the ship.

The Examiner, to find anticipation, was compelled to go to non-analogous arts. On this point he said: "When applicant, thereafter, desires merely to give his indications of deviations from a course in figures on a digit wheel rather than in needle indications on a compass dial, he has done so merely by adopting old and well-known devices in registers, timekeeping mechanisms, and others, which devices are of common knowledge and open to the selection of any one."

We are not convinced that this conclusion is correct. It is often easy, after a mechanical device has been discovered and successfully reduced to practice, to speculate as to the simplicity of the process by which it was accomplished. The twilight zone between that which is obvious to one skilled in the art and invention is not always easy of determination.

However, in this case, we think, considering the distinct advancement in the art, the fact that the invention has gone into extensive use on the great ocean liners that traverse the seas, and the convenience, accuracy, and simplicity of determining exact location from the numerals indicated on the dial, that appellant is clearly within the field of invention.

We have no difficulty in arriving at the conclusion that the alleged anticipation is not

sufficient in this case to deprive appellant of his right to a patent. In Topliff v. Topliff, 145 U. S. 161, 12 S. Ct. 825, 828, 36 L. Ed. 658, Mr. Justice Brown, speaking for the court, said: "It is not sufficient to constitute an anticipation that the device relied upon might, by modification, be made to accomplish the function performed by the patent in question, if it were not designed by its maker, nor adapted, nor actually used, for the performance of such functions." And, as we said in Re Eastwood, 33 App. D. C. 291, 300: "And the argument advanced, after the combination has been effected and the new result obtained, that anyone could have done the same thing, ought not to receive great consideration in a case like this, where ten years elapsed before the combination became an accomplished fact. Especially is this true when a material advance has been made in the art involved."

The decree is reversed, with costs against appellant, and the cause is remanded, with instructions to enter a decree requiring the Commissioner of Patents to issue a patent to the applicant.

GRONER, Associate Justice, dissents.